Katty YASHARAL, Plaintiff—
Appellant,

v.

The COUNTY OF LOS ANGELES, Custody Assistant Trujillo, Deputy Mattes, Deputy Moya, and Sergeant Bonilla, Defendants—Appellees.

No. 04–55607.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Filed Feb. 14, 2006.

Patrick S. Smith, Esq., Beltran Beltran Smith Oppel & Mackenzie, Burbank, CA, for Plaintiff-Appellant.

Cindy S. Lee, Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants–Appellees.

Before: RYMER and WARDLAW, Circuit Judges, and REED,* District Judge.

MEMORANDUM **

Katty Yasharal appeals the district court's grant of summary judgment in favor of the County of Los Angeles and individual defendants Los Angeles County Sheriff's Department Deputies Mattes and Moya, Sergeant Bonilla, and Custody Assistant Trujillo. Yasharal also appeals the district court's denial of her motion for relief from the time limits of Rule 36. We reverse and remand in part and affirm in part.

■ We reverse the district court's judgment that the individual defendants are entitled to qualified immunity based on its finding that they engaged in a lawful "pat-down" search, because genuine issues of material fact exist as to the proper classification of the search and the conduct of the individual defendants. See LaLonde v. County of Riverside, 204 F.3d 947, 953 n. 10 (9th Cir.2000) ("The [district] court should have determined whether the officers were entitled to qualified immunity as a matter of law on the basis of undisputed facts and, where material facts were disputed, on the plaintiff's version of events.... [O]nce the plaintiff established that material issues of fact existed, the court was required to submit the factual dispute to a jury."); Pierce v. Multnomah County, 76 F.3d 1032, 1038–39 (9th Cir.1996) (holding that when foundational facts regarding a qualified immunity claim remain in dispute, these facts must be decided by the jury); Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir.1993) ("If a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial.... [T]he determination of what conduct underlies the alleged violation—what the officer and claimant did or failed to do—is a determination of fact.").

The district court erroneously based its decision on a finding that Yasharal had undergone a mere pat-down search. When we view the facts in the light most favorable to Yasharal, however, the nature of the search was far more invasive, intrusive, and humiliating than a standard pat-down search, as defined in the County Sheriff Department's own regulations. According to Yasharal, the manner of the search resulted in unreasonable exposure because she was searched in an open hallway subject to the view of an unidentified male deputy, despite the nearby location of a women's restroom. See Act Up!/Portland, 988 F.2d at 872 ("[T]he Fourth Amendment requires that any strip search be conducted in a reasonable manner, and accordingly that officers must respect arrestees' privacy interests.").

■ In addition, although the Supreme Court has recognized that the prison environment presents a unique context in light of the concerns regarding institutional security, Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), any reliance on security concerns to justify the intrusive search is misplaced here, where the deputies permitted Yasharal to proceed with her interview of Underwood af-

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ter examining the papers she had brought into the prison and searched her only after the interview was finished. A search without probable cause of a prison visitor is justified only by the need to prevent the introduction of contraband and "special search procedures not based upon probable cause which are reasonable under the Fourth Amendment as means of *preventing* certain conduct should not be extended to situations in which only detection rather than prevention is accomplished." 5 Wayne R. LaFave, Search And Seizure § 10.7(b), at 325 (4th ed. 2004) (emphasis in original). Because the nature and manner of the search determines the level of suspicion constitutionally required and, concomitantly, whether a reasonable deputy would have believed that he was free to conduct the search without reasonable suspicion, the district court erred in holding that the individual defendants were entitled to summary judgment on the issue of qualified immunity.

■■■ The district court properly granted summary judgment on Yasharal's *Monell* claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). All the evidence points to the conclusion that the County did not have a pattern or practice of searching prison visitors beyond a "pat-down." Indeed, the Sheriff's Department defines pat-down searches as the patting down of a person over his clothing. Nor is there evidence revealing a County pattern or practice which would support liability under *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* . . . ."). Yasharal has not shown that the County's failure to implement a more comprehensive and detailed training and search policy for the jail rises to the level

of "deliberate indifference" necessary to support a finding of liability under *City of Canton v. Harris*, 489 U.S. 378, 388–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.").

■■■ Nor did the district court abuse its discretion when it denied Yasharal's motion for relief from the time limits of Rule 36 after Yasharal repeatedly failed to comply with Local Rule 7–3 regarding the meet and confer process and to follow the district court's orders. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) ("A determination of compliance with local rules is reviewed under an abuse of discretion standard." (citation omitted)).

We reverse and remand for further proceedings on Yasharal's claims against the individual defendants, but otherwise affirm.

**REVERSED AND REMANDED IN PART, AFFIRMED IN PART.**